UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANNE DELORES ODOM,

    Plaintiff,

v.                                      Case No. 3:22cv19453-MCR-HTC

UNITED STATES OF AMERICA,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Before the Court is Defendant United States' Motion to Dismiss, which argues this case should be dismissed because Defendant is protected by sovereign immunity. ECF Doc. 7. Plaintiff Anne Delores Odom responded in opposition, ECF Doc. 9, and Defendant filed a reply, ECF Doc. 10. After reviewing the parties' submissions, the undersigned concludes the motion should be granted, and this case should be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff filed this case in state court against Peter R. Greene on August 29, 2022, by submitting a Petition for Injunction for Protection Against Stalking. ECF Doc. 1-1. Both Plaintiff and Greene are employees of the United States Postal Service ("USPS"). Plaintiff alleges that on August 26, 2022, Greene came to her "manual letter case at work yelling" and told her she has "been telling stories for 10

years." Greene was accompanied by his ex-wife and a new supervisor. Plaintiff's "case is only four or three feet wide" and she "could not escape him." Plaintiff suggests Greene "is after [her] because [she] was a witness on [a] federal government case" involving other USPS employees. As indicated by the title of her state court filing, Plaintiff seeks an injunction prohibiting Greene from: (1) committing any acts of stalking against Plaintiff; (2) going within 500 feet of Plaintiff's residence; (3) going within 500 feet of the Post Office where Plaintiff and Greene work; (4) contacting Plaintiff in any manner; (5) possessing a firearm or ammunition; and (6) going within 100 feet of Plaintiff's vehicle. ECF Doc. 1-1 at 7.

The U.S. Attorney for the Northern District of Florida[1] certified Greene was acting within the scope of his federal employment at the time of the acts alleged in the complaint, ECF Doc. 1-2, and the United States removed the case from state to federal court pursuant to 28 U.S.C. § 1442(a)(1) and moved to be substituted as the Defendant in place of Greene pursuant to 28 U.S.C. §§ 1346, 2679. The motion was granted and the United States was substituted as the Defendant. ECF Doc. 8. The United States now moves to dismiss the case for lack of subject matter jurisdiction, arguing it is protected by sovereign immunity. ECF Doc. 7. Plaintiff responded in opposition to the motion to dismiss, arguing the case should not have been removed

---

[1] The Attorney General has delegated the power to certify employees' actions as within the scope of employment to the United States Attorneys under 28 C.F.R. § 15.4(a).

from state court and the United States should not have been substituted as the Defendant because Greene's actions were not within the scope of his employment.

## II. DISCUSSION

### A. Removal

Plaintiff requests that this case be remanded back to state court. ECF Doc. 9 at 2. However, the certification by the U.S. Attorney that Greene was acting within the scope of his federal employment "conclusively" establishes scope of employment for purposes of removal. 28 U.S.C. § 2679(d)(2). Thus, the Court does not have the authority to remand this case to state court. *See Osborn v. Haley*, 549 U.S. 225, 241 (2007) (concluding "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted").

### B. Substitution

Plaintiff also challenges the substitution of the United States in place of Greene. Unlike removal, "the Attorney General's certification that a federal employee was acting within the scope of his employment . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995); *see also Osborn*¸ 549 U.S. at 242 ("Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant *for purposes of trial* if the court

determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect.") (emphasis in original). If a plaintiff challenges the scope of employment certification, the District Court must apply *de novo* review to the certification. *Omnipol, A.S. v. Multinational Defense Servs., LLC*, 32 F.4th 1298, 1305 (11th Cir. 2022). However, the certification serves as *prima facie* evidence the conduct at issue occurred within the scope of employment and the plaintiff bears the burden of proving otherwise. *Id.*

"[W]hether an employee's conduct was within the scope of his employment is governed by the law of the state where the incident occurred." *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) (quotation marks and citation omitted). "Under Florida law, the conduct of an employee is considered within the scope of employment when it (1) is of the kind the employee is hired to perform, (2) occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) is activated at least in part by a purpose to serve the master." *Omnipol*, 32 F.4th at 1306 (citing *Sussman v. Fla. E. Coast Props., Inc.*, 557 So. 2d 74, 75-76 (Fla. 3d DCA 1990)).

Here, Plaintiff has not rebutted the presumption, created by the U.S. Attorney's certification, that Greene's acts occurred within the scope of his employment. Indeed, Plaintiff's description of events indicates Greene was acting within the scope of his employment on August 26. First, Greene works in a

supervisory role for the USPS; thus, as part of his job he would be expected to interact with other USPS employees and discuss their conduct with them. Second, the incident occurred during working hours at the Post Office where both Plaintiff and Greene are employed. Third, other facts indicate the incident was work-related: (1) a "new supervisor" accompanied Greene when he spoke to Plaintiff; (2) Plaintiff sought assistance from her union representative regarding her conversation with Greene; and (3) Plaintiff filed an EEOC complaint regarding the incident.

Finally, Plaintiff's assertion that Greene's behavior constituted harassment and retaliation in violation of USPS policy does not alter this conclusion because Greene can still be acting within the scope of his employment "even if the alleged wrong was a crime, was not authorized by the employer, or was forbidden by the employer." *Blount v. Sterling Healthcare Grp., Inc.*, 934 F. Supp. 1365, 1372 (S.D. Fla. 1996) (citations omitted). Because Plaintiff has failed to show Greene's conduct took place outside the scope of his employment, the United States remains the proper Defendant.

**C.   Sovereign Immunity**

"It is well established that the United States is immune from suit unless it consents to be sued." *Omnipol*, 32 F.4th at 1306. However, Plaintiff has not identified any statute which would permit her to pursue her claim for injunctive relief against the United States. Her response references "39 U.S.C. § 409(d)(A)(B)," but

that statute: (1) applies to suits against the USPS; and (2) indicates the USPS is not protected by sovereign immunity for violations of the Trademark Act of 1946 and section 5 of the Federal Trade Commission Act to the extent section 5 applies to unfair or deceptive acts or practices. *See* 39 U.S.C. § 409(d). Because this suit is not against the USPS and Plaintiff does not allege violations of the Trademark Act or Federal Trade Commission Act, 39 U.S.C. § 409 has no application to this case.

Furthermore, the Federal Tort Claims Act ("FTCA") does not provide an avenue for Plaintiff to pursue her claim because the FTCA's waiver of sovereign immunity encompasses only monetary damages. *See Kight v. U.S. Dist. Court, N. Dist. of Ga.*, 681 F. App'x 882, 884 (11th Cir. 2017) (affirming dismissal of plaintiff's claims for injunctive and declaratory relief because "the FTCA does not waive sovereign immunity for relief other than money damages"). Similarly, Plaintiff cannot pursue her claim under Title VII of the Civil Rights Act because, as she admits in her filings, the incident only occurred in August 2022 and she is still "undergoing the EEO process and utilizing the administrative process within [the] USPS." ECF Doc. 9 at 2; *see Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006) ("Both federal statutes and EEOC regulations require a federal employee to exhaust an administrative process before filing a civil complaint of discrimination in the workplace."); *Chambers v. Reid*, 2019 WL 1992348, at *3 (D. Md. May 6, 2019) (dismissing USPS employee's petition for restraining order against supervisor based

on workplace altercation and noting "her remedy lies with the federal EEO process"). Therefore, Plaintiff has not established a waiver of sovereign immunity which would allow her to prosecute her claim for an injunction against the United States. *See Chambers*, 2019 WL 1992348, at *3 ("Federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees when such petitions are based on alleged misconduct in the workplace and seek to restrain the conduct of a co-worker at a federal office.").

### D. Stalking

Even assuming Greene's actions fell outside the scope of his employment and Plaintiff was permitted to pursue her claim against him individually, she still would not be entitled to the relief she seeks. Florida law "create[s] a cause of action for an injunction for protection against stalking." Fla. Stat. § 784.0485(1). Stalking occurs when a person "willfully, maliciously, *and repeatedly* follows, harasses, or cyberstalks another person." Fla. Stat. § 748.048(2) (emphasis added). Plaintiff's state court petition, however, describes only a single incident between her and Greene which is not sufficient to obtain an injunction. *See Carter v. Malken*, 207 So. 3d 891, 892 (Fla. 4th DCA 2017) ("It takes two incidents of harassment to satisfy the requirements for an injunction against stalking."); *Lukacs v. Luton*, 982 So. 2d 1217, 1219 (Fla. 1st DCA 2008) ("[B]y its statutory definition, stalking requires proof of repeated acts."). Because the allegations in Plaintiff's petition do not satisfy

the requirements for an injunction under Florida law, this case would still be subject to dismissal.

Accordingly, it is RECOMMENDED:

1. That Defendant United States' Motion to Dismiss, ECF Doc. 7, be GRANTED and this case be DISMISSED WITHOUT PREJUDICE.

2. That the clerk close the file.

At Pensacola, Florida, this 23rd day of December, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:22cv19453-MCR-HTC